UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| G&G Closed Circuit Events, LLC,<br><br>　　　　　　Plaintiff(s),<br><br>vs.<br><br>Fanmio Inc., *et al.*,<br><br>　　　　　　Defendant(s). | 2:24-cv-01279-JCM-MDC<br><br>**ORDER GRANTING MOTIONS TO FILE UNDER SEAL (ECF Nos. 16, 19).** |

　　　Pending before the Court are defendants' *Motion to File License Agreement Under Seal* (ECF No. 16) and *Motion to File Certificate of Interested Parties Under Seal* (ECF No. 19). For the reasons stated below the Court GRANTS the Motions to File Under Seal.

## DISCUSSION

### I.　LEGAL STANDARD

　　　Courts have recognized that the public has "a general right to inspect and copy public records and documents, including judicial records and documents." *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *Nixon v. Warner Communications Inc.*, 435 U.S. 589, 597, 98 S. Ct. 1306, 55 L. Ed. 2d 570 (1978)). Because of this, unless a particular court record is one "traditionally kept secret," there is "a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). A party seeking to seal a judicial record must meet one of two standards. *See generally Ctr. for Auto Safety*, 809 F.3d at 1096-1102.

　　　If a party seeks to seal a document attached to a dispositive motion, the party must show that there is a "compelling reason" to seal the document. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 667 (9th Cir. 2010). That is, the party seeking to seal "must articulate[] compelling reasons supported by specific factual findings…that outweigh the general history of access and the public policies favoring disclosure." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal citations and quotations omitted). "What constitutes a compelling reason is best left to the sound

1  discretion of the trial court." *Ctr. for Auto Safety*, 809 F.3d at 1097 (citing *Nixon* 435 U.S. at 599)
2  (internal quotations omitted). However, courts have found compelling reasons to seal documents that
3  might otherwise become a vehicle for improper purposes. *Nixon*, 435 U.S. at 598.
4       If a party seeks to seal a document attached to a non-dispositive motion, then the party need only
5  show that "good cause" exists. *Pintos*, 605 F.3d at 678. This is the same good cause standard that applies
6  to protective orders under Rule 26(c) of the Federal Rules of Civil Procedures. *Kamakana*, 447 F.3d at
7  1179-80. "For good cause to exist, the party seeking [to seal] bears the burden of showing specific
8  prejudice or harm will result[.]" *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206,
9  1210-11 (9th Cir. 2002).

## II.  ANALYSIS

Defendants seek to leave to file the license agreement and certificate of interested parties under seal. *See* ECF Nos. 16, 19. The motion to seal the license agreement is attached to a motion to compel arbitration (ECF No. 15). The motion to seal the certificate of interested parties is connected to a requirement under Local Rule ("LR") 7.1-1. Since the motions are attached to non-dispositive motions, the "good cause" standard applies.

### A.  Motion To Seal Licensing Agreement

Defendants seek to file the license agreement under seal "because of the nature of the agreement, which contains sensitive commercial terms of the parties' relationship." ECF No. 16 at 2:18-19. Defendants argue that "[d]isclosure of the License Agreement's terms would potentially harm the Defendants' bargaining in connection with future licenses." *Id*. at 2:19-20. Courts have found that confidential business information such as licensing terms, royalty rates, and proprietary business plans satisfy the compelling reason. *See e.g., ImageKeeper LLC v. Wright Nat'l Flood Ins. Servs.*, 2024 U.S. Dist. LEXIS 56169, at *17 (D. Nev. March 27, 2024) (collecting cases). The Court finds that both good cause and compelling reason exists to seal the license agreement. Thus, the Motion to Seal License Agreement (ECF No. 16) is GRANTED.

**B. Motion To Seal Certificate Of Interested Parties**

Defendants seek to seal the certificate of interested parties because "investors invested in Fanmio on a confidential basis" and "[d]isclosure…would potentially harm Fanmio by discrediting with future investors who desire to invest on a confidential basis." ECF No. 19 at 2:20-24. Defendants argue that filing the certificate of interested parties under seal achieves the same result as filing it unsealed because LR 7.1-1 serves "primarily as a guide for the judge presiding over this case to determine whether disqualification or recusal is necessary." ECF No. 19 at 2:18-20. Here, the Court finds that defendants have met the good cause standard. *See S Valley View Twain v. Terracotta Credit Reit LLC*, 2023 U.S. Dist. LEXIS 238522, at *2-3 (D. Nev. Nov. 1, 2023) (citing *Guild Mortg. Co. LLC v. Crosscountry Mortg.* LLC, No. C21-1376-JCC-MLP, 2022 U.S. Dist. LEXIS 237949, 2022 WL 18999842, at *6 (W.D. Wash. Dec. 6, 2022)) (finding that "concern about losing investors who fear public pressure not to invest in [] projects" to be "sufficient showing of potential injury" to justify sealing); *see also Best Odds Corp. v. iBus Media Ltd.*, 2014 U.S. Dist. LEXIS 156645, at * 5-5 (D. Nev. Nov. 4, 2014) (finding that sealing defendant's disclosure will satisfy LR 7.1's purpose and act as a prophylactic against potential litigation abuses). Thus, the Motion to Seal the Certificate of Interested Parties (ECF No. 19) is GRANTED.

ACCORDINGLY,

**IT IS ORDERED that:**

1. The *Motion to Seal the Licensing Agreement* (ECF No. 16) is GRANTED.

2. The *Motion to Seal the Certificate of Interested Parties* (ECF No. 19) is GRANTED.

DATED this 18th day of September 2024.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge