**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| G&G Closed Circuit Events, LLC,<br><br>　　　　　　　Plaintiff(s),<br><br>vs.<br><br>Fanmio Inc, *et al*.,<br><br>　　　　　　　Defendant(s). | 2:24-cv-01279-JCM-MDC<br><br>**ORDER GRANTING MOTION TO REDACT (ECF NO. 22) and AMENDING PREVIOUS ORDER GRANTING SEALING (ECF No. 26)** |

Pending before the Court is plaintiff's *Motion for Leave to Redact* ("Motion") (ECF No. 22). For the reasons stated below, the Court GRANTS the Motion.

**DISCUSSION**

**I.  LEGAL STANDARD**

Courts have recognized that the public has "a general right to inspect and copy public records and documents, including judicial records and documents." *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *Nixon v. Warner Communications Inc*., 435 U.S. 589, 597, 98 S. Ct. 1306, 55 L. Ed. 2d 570 (1978)). Because of this, unless a particular court record is one "traditionally kept secret," there is "a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co*., 331 F.3d 1122, 1135 (9th Cir. 2003). A party seeking to seal a judicial record must meet one of two standards. *See generally Ctr. for Auto Safety*, 809 F.3d at 1096-1102.

If a party seeks to seal a document attached to a dispositive motion, the party must show that there is a "compelling reason" to seal the document. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 667 (9th Cir. 2010). That is, the party seeking to seal "must articulate[] compelling reasons supported by specific factual findings…that outweigh the general history of access and the public policies favoring disclosure." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal citations and quotations omitted). "What constitutes a compelling reason is best left to the sound discretion of the trial court." *Ctr. for Auto Safety*, 809 F.3d at 1097 (citing *Nixon* 435 U.S. at 599)

(internal quotations omitted). However, courts have found compelling reasons to seal documents that might otherwise become a vehicle for improper purposes. *Nixon*, 435 U.S. at 598.

If a party seeks to seal a document attached to a non-dispositive motion, then the party need only show that "good cause" exists. *Pintos*, 605 F.3d at 678. This is the same good cause standard that applies to protective orders under Rule 26(c) of the Federal Rules of Civil Procedures. *Kamakana*, 447 F.3d at 1179-80. "For good cause to exist, the party seeking [to seal] bears the burden of showing specific prejudice or harm will result[.]" *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002).

## II. ANALYSIS

Plaintiff seeks leave to file redact portions of their Opposition (ECF No. 23) to Defendant's Motion to Compel Arbitration. ECF No. 22.  Specifically, plaintiff seeks to redact portions its *Opposition* (ECF No. 23) to defendants' *Motion To Compel Arbitration* that discusses the terms of the Licensing Agreement at issue.  Previously, the Court analyzed a similar request by defendants to seal the Licensing Agreement and determined that the "good cause" standard applied to the pending motion to compel arbitration.  *See* ECF No. 26.  Upon further consideration, the Court agrees with other authorities in our District that the "compelling reason" standard applies to the parties' requests to seal or redact the Licensing Agreement in connection with the defendant's *Motion To Compel Arbitration*.  *See Goodsell v. Tchrs. Health Tr.,* No. 2:23-CV-01510-APG-DJA, 2023 WL 7015272, at *2 (D. Nev. Oct. 23, 2023) (finding that a motion to compel arbitration is a dispositive motion for sealing purposes); *AMA Multimedia, LLC v. Borjan Sols.,* No. 15-CV-01673-JCM-GWF, 2016 WL 1572705, at *2 (D. Nev. Feb. 8, 2016), report and recommendation adopted, No. 215CV1673JCMGWF, 2016 WL 1555717 (D. Nev. Apr. 15, 2016) (motion to compel arbitration treated as a dispositive motion).

While the Court's 09/18/24 Order (ECF No. 26) previously found that sealing the Licensing Agreement was appropriate under either the "good cause" and compelling reasons" standards, the Court

amends that 09/18/24 Order here to clarify that the "compelling reasons" applies.[1]   The parties agree that the Licensing Agreement contains confidential business information which would be harmful if publicly disclosed.   Courts have found that confidential business information such as licensing terms, royalty rates, and proprietary business plans satisfy the compelling reason. *See e.g., ImageKeeper LLC v. Wright Nat'l Flood Ins. Servs.*, 2024 U.S. Dist. LEXIS 56169, at *17 (D. Nev. March 27, 2024) (collecting cases). Therefore, the Court finds compelling reason exists seal the Licensing Agreement and to redact portions of the parties' briefs which refer to the terms of that agreement.

ACCORDINGLY,

**IT IS ORDERED that** the *Motion for Leave to Redact* (ECF No. 22) is **GRANTED.**

**IT IS FURTHER ORDERED** that the Court's 09/18/24 Order (ECF No. 26) is **AMENDED** and that defendants' Motion to File License Agreement Under Seal (ECF No. 16) is **GRANTED** under the "compelling reasons" standard.

DATED this 25th day of September 2024.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

---

[1] The Court is not revisiting or amending its 09/18/24 Order (ECF No. 26) with respect to the sealing of defendants' *Certificate of Interested Parties,* which is non-dispositive.