**HONE LAW**
Eric D. Hone, NV Bar No. 8499
ehone@hone.law
Leslie A. S. Godfrey, NV Bar No. 10229
lgodfrey@hone.law
Kelly B. Stout, NV Bar No. 12105
kstout@hone.law
701 N. Green Valley Parkway, Suite 200
Henderson, NV 89074
Phone  702-608-3720
Fax     702-608-7814

*Attorneys for Plaintiff*
*G&G CLOSED CIRCUIT EVENTS, LLC*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| G&G CLOSED CIRCUIT EVENTS, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>FANMIO INC., a Florida Corporation; and SOLOMON ENGEL, an individual,<br><br>Defendant. | Case No.  2:24-cv-01279<br><br>**STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**SPECIAL SCHEDULING REVIEW REQUESTED** |

**SUBMITTED IN COMPLIANCE WITH LR 26-1(b)**

In accordance with Federal Rule of Civil Procedure ("FRCP") 26(f) and Local Rule 26-1, Plaintiff G&G Closed Circuit Events, LLC ("G&G" or "Plaintiff") and Defendant's Fanmio, Inc. ("Fanmio") and Solomon Engel ("Engel" and, collectively "Defendants"), by and through their respective counsel, submit their Stipulated Discovery Plan and Proposed Scheduling Order. As set forth in Defendants' *Motion to Compel Arbitration and to Stay Proceedings* [ECF No. 15] ("Motion"), Defendants object to further proceedings in this case and have sought a stay of the proceedings, including discovery. The Defendants join in this filing, however, to comply with Rule 26 but maintain their objection to further proceedings before this Court. While Plaintiff opposes the Motion, Plaintiff stipulates that discovery should be stayed until this Court makes a determination on the Motion. For this reason, and as discussed in greater detail in Section K below, the Parties request a Special Discovery Review and for the Court to accommodate a stay



1

of discovery until a determination is made that Arbitration is not proper and the Court enters an Order denying Defendants' Motion to Compel Arbitration and Stay Proceedings. *See* ECF No. 15 ("Entry of Order").

**A. FIRST APPEARANCE**

    **1.** Plaintiff: July 16, 2024

    Plaintiff filed its Complaint on July 16, 2024. [ECF No. 1.]

    **2.** Defendant: August 7, 2024

    Defendant first appeared on August 7, 2024, with the filing of their Verified Petition For Permission To Practice In This Case Only By Attorney Not Admitted To The Bar Of This Court And Designation of Local Counsel. [ECF No. 9.]

**B. FRCP 26(f) Conference: September 11, 2024**

    On September 11, 2024, the counsel for the Parties met telephonically at 11:30 a.m. Leslie Godfrey, of Hone Law, appeared on behalf of Plaintiff, and Tuvia Sandler, of Stok Kon + Braverman appeared on behalf of Defendants.

**C. Initial Disclosures: To be determined by Entry of Order**

    The Defendants object to initial disclosures in this case under Rule 26(a)(1)(C) because Defendants maintain the case should be moved to arbitration. While Plaintiff opposes Defendants' position that the case should be moved to arbitration, Plaintiff stipulates to postpone initial disclosures until 14 days after an entry of an Order denying the Motion ("Entry of Order").

**D. Subjects on Which Discovery May Be Needed**

    Subject to the Defendants' objection to further proceedings before this Court, the Parties agree that if this case proceeds, discovery may be taken on any subject permitted by FRCP 26(b)(1) or as otherwise ordered by the Court.

**E. Discovery Plan**

    As discussed in Section K below, the Parties request a Special Discovery Review. The parties stipulate that the timeframes identified in FRCP 26(f)(3)(A) would be sufficient for discovery if they are scheduled to run from Entry of Order.

/ / /



1. **Discovery Cut-Off Date:** To be determined by Entry of Order

Pursuant to LR 26-1(e)(1), the Parties propose that discovery close 180 days after Entry of Order.

2. **Last Day to Amend Pleadings/Add Parties:** To be determined by Entry of Order

Pursuant to LR 26-2(b)(2), the Parties agree that the deadline for filing motions to amend the pleadings or to add parties to be 90 days before the close of discovery.

3. **Expert Disclosures**:

4. **Initial Expert Disclosures:** To be determined by Entry of Order

Pursuant to LR 26-1(b)(3), the Parties agree that the last day to serve initial expert disclosures shall be 60 days prior to the close of discovery.

5. **Rebuttal Expert Disclosures:** To be determined by Entry of Order

Pursuant to LR 26-1(b)(3), the Parties agree that the last day to serve initial expert disclosures shall be 30 days prior to the close of discovery.

6. **Dispositive Motions:** To be determined by Entry of Order

Pursuant to FRCP 56(b) and LR 26-1(b)(4), the Parties agree that the last day to file dispositive motions shall be 30 days after the close of discovery.

7. **Pretrial Order:** To be determined by Entry of Order

Pursuant to LR 26-1(b)(5) and (6), the disclosures required by Fed. R. Civ. P. 26(a)(3) and any objections to them must be included in the joint pretrial order, which shall be filed on the latter of: (1) 30 days after the dispositive motion deadline; or (2) 30 days after a decision on any dispositive motions, unless otherwise ordered by the court.

F.  **Alternative Dispute Resolution**

Pursuant to LR 26-1(b)(7), the parties certify that they discussed the possibility of using alternative dispute resolution processes including mediation, arbitration, and early neutral evaluation during their FRCP 26(f) conference. While the Parties do not believe that engaging in any ADR process would be fruitful at the current time, they remain open to the possibility of pursuing such options in the future.

/ / /



3

G. **Alternative Forms of Case Disposition**

Pursuant to LR 26-1(b)(8), the parties certify that they have each considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program (General Order 2013-01), but do not wish to pursue such options at this time.

H. **Electronic Evidence**

1. **Disclosure and Preservation**

The Parties agree that all discoverable documents will be produced either in the documents' native format or in Portable Document Format ("PDF") with optical text recognition (electronically searchable text) in the disclosing party's discretion. The Parties further agree that the "parent-child relationships" between documents will be preserved when documents are produced (e.g., e-mails and their attachments will be produced together with consecutive bates numbers).

While the Parties agree at this time that it is not necessary to produce the metadata for electronic documents, the Parties agree to preserve the metadata, to the extent it exists, and reserve their respective rights to request such information should any Party deem it necessary. This agreement only determines the format in which the Parties produce documents; it does not affect any other right of any Party.

2. **Jury Deliberations**

Pursuant to LR 26-1(b)(9), the parties certify that they discussed whether they intend to present evidence in electronic format to jurors for the purposes of jury deliberations. The Parties did not enter into any stipulations on the issue because the Parties do not yet know whether they will choose to provide the jurors with electronic copies of evidence for the purposes of jury deliberations.

I. **Assertion of Privilege or Work Product Protection After Production**

If, during the course of this litigation, any party discovers that it has received potentially privileged documents or information belonging to another party to this action, the receiving party must notify the party holding the privilege immediately in writing, upon discovering that it has



received the potentially privileged information or documents to determine if the disclosure and/or production of privileged information was inadvertent. If the disclosure and/or production of privileged information was inadvertent, the party holding the privilege must notify all other parties to the litigation of the specific documents and/or information for which such party is claiming and maintaining the privilege. Such documents and/or information must be identified by Bates number and/or page and line numbers, where applicable.

Upon notification of the specific documents and information which were inadvertently produced and/or disclosed, the receiving party must return or destroy any paper copies of the privileged documents and/or delete any native files, TIFF images, and/or other electronically stored copies of the privileged documents. The party holding the privilege must then provide the receiving party with properly redacted replacement copies of the destroyed and/or deleted documents.

Similarly, if, during the course of this litigation, a party discovers that it inadvertently produced privileged documents or information to another party to this action, the producing party must notify all other parties of this inadvertent production promptly upon discovery of the inadvertent production and/or disclosure. Such documents and/or information must be identified by Bates number and/or page and line numbers, where applicable. Upon notification of the specific documents and information that were inadvertently produced and/or disclosed, the receiving party must immediately return such inadvertently produced item or items of information and all copies thereof and/or otherwise delete any native files, TIFF images, and/or other electronically stored copies of the privileged documents. The party holding the privilege must then provide the receiving party with properly redacted replacement copies of the destroyed and/or deleted documents.

No use shall be made of any such inadvertently produced documents during depositions or at trial, nor shall they be disclosed to anyone who was not given access to them prior to the request to return or destroy them. However, this provision does not preclude any party to the litigation from seeking redress with the court regarding a document or information which the seeking party believes is not privileged and should be appropriately disclosed.



**J.  Changes to Discovery Limits**

The Parties do not anticipate a need for discovery to be conducted in phases. The parties do not anticipate they will need longer than 180 days from the time discovery commences. However, the parties stipulate and request that the Court stay discovery pending a determination on the Motion to Compel Arbitration and Stay Proceedings. *See* ECF No. 15.

District Courts enjoy wide discretion in controlling discovery, including in determining whether discovery should be stayed. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). The court can grant a stay if "(1) 'the possible damage which may result from the granting of a stay;' (2) 'the hardship or inequity which a party may suffer in being required to go forward;' and (3) 'the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law.'" *In re PG&E Corp. Sec. Litig.*, 100 F.4th 1076, 1085 (9th Cir. 2024). A stay of discovery pending resolution of a motion to compel is appropriate when: (1) the pending motion is potentially dispositive; (2) the motion to compel arbitration can be decided without additional discovery; and (3) a magistrate judge has taken a "preliminary peek" at the underlying motion and the preliminary peek shows that arbitration is a reasonable possibility. *Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 582 (D. Nev. 2013).

In this case, no damage will result from granting the stay of discovery pending a ruling on the Motion. It will serve the orderly course of justice, ensuring that the parties have clarity on the jurisdiction that should govern the discovery process. Indeed, more damage will be incurred by the parties if they are forced to conduct discovery now, only to later find that this matter should proceed elsewhere. Defendants submit that their Motion is well supported and warrants a stay of discovery under this precedent. While Plaintiff disputes that position, Plaintiff agrees the question of arbitration can be determined without conducting discovery and it would be a waste of resources to continue forward with discovery if arbitration is ultimately compelled. Nothing will be lost by waiting; but substantial resources may be wasted if discovery proceeds.

**K.  Additional Orders**

The Parties anticipate filing a Stipulated Confidentiality Agreement and Proposed Protective Order Under FRCP 26(c) if this case progresses beyond the Defendants' *Motion to*



1  *Compel Arbitration and to Stay Proceedings*. The Parties do not anticipate a need for the Court
2  to issue any other order under FRPC 26(c) or 16(b) and (c).
3  Dated the 25th day of September 2024.                Dated the 25th day of September 2024.
4  HONE LAW                                              STOK KON + BRAVERMAN

5   /s/ Leslie A. S. Godfrey                             /s/ Theodore (Tuvia) Sandler
   Eric D. Hone, NV Bar No. 8499                        Theodore (Tuvia) Sandler, FL Bar No. 1015927
6  ehone@hone.law                                       tsandler@stoklaw.com
   Leslie A. S. Godfrey, NV Bar No. 10229               1 East Broward Blvd., Suite 915
7  lgodfrey@hone.law                                    Fort Lauderdale, FL 33301
   Kelly B. Stout, NV Bar No. 12105                     *Admitted Pro Hac Vice*
8  kstout@hone.law
   701 N. Green Valley Parkway, Suite 200               Shoham Segal NV Bar No. 14950
9  Henderson, NV 89074                                  segal@lvnvlegal.com
                                                        LVNV LEGAL
10 *Attorneys for Plaintiff*                            1180 N. Town Center Dr., Suite 100
   G&G CLOSED CIRCUIT EVENTS, LLC                       Las Vegas, NV 89144
11
                                                        *Attorneys for Defendants*
12                                                      FANMIO, INC. AND SOLOMON ENGEL

13                                      **ORDER**

14                                      IT IS SO ORDERED.

15

16                                      _____
                                        Hon. Maximiliano D. Couvillier III
17                                      United States Magistrate Judge
                                        Dated: 9/30/24

18 The parties shall file an Amended Stipulated Discovery Plan and Scheduling Order within
19 7 days from the entry of any order denying defendants' Motion to Compel arbitration.
   Such amended plan and scheduling order must include the precise discovery and pretrial
20 deadline dates.

