UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| G&G CLOSED CIRCUIT EVENTS, LLC,<br><br>Plaintiff(s),<br><br>v.<br><br>FANMIO INC., et al.,<br><br>Defendant(s). | Case No.2:24-CV-1279 JCM (MDC))<br><br>ORDER |

Presently before the court is defendants Fanmio Inc. and Solomon Engel's motion to compel arbitration and stay proceedings. (ECF No. 15). Plaintiff G&G Closed Circuit Events filed a response (ECF No. 23), to which defendants replied (ECF No. 25). For the reasons stated below, the court denies defendants' motion.

**I.      Background**

This is a single-claim action for consumer fraud under NRS 41.600. (ECF No. 1). Defendant Fanmio Inc. is a professional boxing and mixed martial arts event promoter. (*Id*.). Defendant Solomon Engel is president of Fanmio. (*Id*.). On June 11, 2024, plaintiff G&G Closed Circuit Events purchased a license from Fanmio Inc. to distribute an upcoming fight for which Fanmio was the promoter. (*Id*.). The parties memorialized the transaction in a license agreement. (ECF No. 17).

Disputes arose between the parties shortly thereafter. (ECF No. 1). G&G filed a complaint on July 16, 2024, alleging a single claim for consumer fraud under NRS 41.600. (ECF No. 1). Defendants Fanmio and Engel now move the court to stay the action and compel arbitration pursuant to the parties' license agreement. (ECF No. 15).

**II.      Legal Standard**

The Federal Arbitration Act ("FAA") provides for the enforcement of arbitration agreements in any contract involving interstate commerce. 9 U.S.C. §§ 1–2; *Citizens Bank v. Alafabco, Inc.*, 539 U.S. 52, 56 (2003). Under the FAA, arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds that exist at law or in equity for the revocation of any contract." *Id.* § 2. (emphasis added). The Act further dictates that a party to an arbitration agreement may invoke his or her rights under the Act by petitioning the district court "for an order directing that such arbitration proceed in the manner provided for" in the agreement. *Id.* § 4.

When addressing a motion to compel arbitration, the court's role is "limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000) (citing 9 U.S.C. § 4; *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 719–20 (9th Cir. 1999)). While federal law governs the determination of scope, state law governs the determination of an agreement's validity. *Tracer Rsch. Corp. v. Nat'l Env't Servs. Co.*, 42 F.3d 1292, 1294 (9th Cir. 1994); *see also Goldman, Sachs & Co. v. City of Reno*, 747 F.3d 733, 743 (9th Cir. 2014). As such, state law governs contract defenses raised to invalidate an agreement to arbitrate. *Shroyer v. New Cingular Wireless Servs., Inc.*, 498 F.3d 976, 988 (9th Cir. 2007); *Cir. City Stores, Inc. v. Adams*, 279 F.3d 889, 895 (9th Cir. 2002).

When a party seeks to compel arbitration, courts apply a "summary judgment-type standard," which permits reliance on pertinent evidence outside the four corners of the complaint. *Cross v. National Union Fire Insur. Co. of Pittsburgh, PA*, 2019 WL 6496838, at *5 (E.D. Cal. Dec. 3, 2019). The court resolves all ambiguities as to the *scope* of arbitration in favor of arbitration. *Goldman, Sachs & Co. v. City of Reno*, 747 F.3d 733, 742 (9th Cir. 2014).

**III.     Discussion**

Because G&G does not challenge the validity of the license agreement, the court decides only whether the dispute falls within the scope of the arbitration clause.

G&G alleges a single claim for consumer fraud under NRS 41.600, which provides that

"any action brought pursuant to this section is not an action upon any contract underlying the transaction." NRS 41.600(4). G&G contends that this language exempts G&G from submitting the claim to arbitration as otherwise required by the license agreement. The court disagrees.

The relevant arbitration clause provides:

Any dispute, controversy or claim arising out of or relating to this Agreement, including the formation, interpretation, breach or termination thereof, *including whether the claims asserted are arbitrable*, will be referred to and finally determined by arbitration…

(ECF No. 17, at ¶ 11) (emphasis added).

"A court will not ordinarily except a controversy from coverage of a valid arbitration clause unless it may be said with positive assurance that the arbitration clause is not susceptible [to] an interpretation that covers the asserted dispute." *Bosinger v. Phillips Plastics Corp.*, 57 F. Supp. 2d 986, 990 (S.D. Cal. June 29, 1999) (quoting *Marchese v. Shearson Hayden Stone, Inc.*, 734 F.2d 414, 419 (9th Cir. 1984)) (internal quotations omitted).

Here, defendants are moving to compel G&G to arbitration. (ECF No. 15). As such, the core of this dispute is whether G&G's claim for consumer fraud is subject to the parties' arbitration clause contained in the license agreement—i.e., whether the claim is arbitrable. The court finds this issue squarely within the confines of the license agreement arbitration clause. Moreover, though G&G's claim is brought pursuant to NRS 41.600, the factual basis of the complaint refers to the "characteristics of the Fight and the license to exhibit the Fight"—both issues that are within the four corners of the agreement. (ECF No. 1).

If the court determines that the arbitration clause encompasses the parties' dispute, the court must rigorously enforce the agreement to arbitrate. *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 719 (9th Cir. 1999). The court therefore finds G&G must submit its claim to arbitration, at the very least to determine its arbitrability.

### IV.     Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that G&G's motion to compel arbitration and stay this case (ECF No. 15) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that this case is stayed pending arbitration pursuant to 9 U.S.C. § 3. The parties shall file a status report within thirty (30) days after the conclusion of arbitration.

DATED January 16, 2025.

_____
UNITED STATES DISTRICT JUDGE